FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**COMPLAINT**

GERALD B. HEBERT - K4559 -

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 19 2006
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JURY TRIAL DEMANDED

*(Enter above the full name of the plaintiff or plaintiffs and prisoner number of each plaintiff in this action)*

V.

CIVIL ACTION NUMBER: 1:06cv46LG-RHW
*(to be completed by the Court)*

GEORGE PAYNE, Major RILEY, RICK GASTON, PHIL TAYLOR, Sgt. Ellsberry, Officers GREGORY, BILLINGSLY and ADOFT

THE DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL & OFFICIAL CAPACITIES

*(Enter above the full name of the defendant or defendants in this action)*

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING:**
The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A.  Have you ever filed any other lawsuits in a court of the United States?    Yes ( )  No (✓)

B.  If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1.  Parties to the action: N/A

2.  Court (if federal court, name the district; if state court, name the county): N/A
    N/A

3.  Docket Number: N/A

4.  Name of judge to whom case was assigned: N/A

5.  Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): N/A
    N/A

1

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

I. Name of plaintiff: GERALD B. HEBERT    Prisoner Number: -K4559-

Address: SMCI-II, U/C-2, B-zone, Bed #69
P.O. Box 1419
LEAKESVILLE, MS. 39451-1419

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant: GEORGE PAYNE is SHERIFF of Harrison Co., Ms. Major Riley is employed as Warden at Harrison Co. Adult Detention Facility, Rick Gaston is Chief of Security at H.C.A.D.F., Phil Taylor is Capt. at H.C.A.D.F., Sgt. Ellsberry and Officers Gregory, Billingsly and Adoft, are Security Staff at the H.C.A.D.F.

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF(S):

NAME: GERALD B. HEBERT -K4559-

ADDRESS: SMCI-II, U/C-2, B-zone, Bed #69, P.O. Box 1419, Leakesville, Ms. 39451-1419

DEFENDANT(S):

| NAME: | ADDRESS: |
|---|---|
| GEORGE PAYNE | 10451 LARKIN SMITH DRIVE, Gulfport, Ms. 39503 |
| Major RILEY | " " " " " " " |
| RICK GASTON | " " " " " " " |
| PHIL TAYLOR | " " " " " " " |
| Sgt. Ellsberry | " " " " " " " |
| Ofc. GREGORY, | " " " " " " " |
| Ofc. Billingsly | " " " " " " " |
| Ofc. Adoft | " " " " " " " |

2

## ADMINISTRATIVE REMEDIES PROGRAM

A. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

Yes (✓)  ~~No~~ (✓)

B. Are you presently incarcerated for a parole or probation violation?

Yes (✓)    No ( )

C. Did you present the facts relating to your complaint in the administrative or grievance procedure in your institution?

Yes (✓)    No ( )

    1. If you answer to C is yes,

        a. State the date your claims were presented: **9/3/05 daily until 11/6/05**

        b. State how your claims were presented. (Written request; verbal request, request for forms)

            **Written and Verbal requests**

        c. State the result of that procedure. (You must attach a copy of the final result, such as a certificate from the administrator of the Administrative Remedies Program stating that you have exhausted your administrative remedies.)

            **No response to the ~~verb~~ written requests, and empty promises to "take care" "of it" was the verbal responses.**

    2. If you have not filed a grievance, state the reasons: **N/A**

        **N/A**

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet if necessary.)

PRELIMINARY STATEMENT: This is a civil rights action filed by Gerald B. Hebert, a State prisoner, for damages, declaratory judgment, injunctive relief, preliminary injunction and a Temporary restraining order, under 42 U.S.C. §1983, alleging deliberate indifference to Plaintiff's safety, cruel and unusual punishment, deliberate indifference to a serious medical condition; in violation of the Eighth Amendment to the United States Constitution, and the denial of access to the Courts, property deprivation and the denial of Equal Protection of the laws in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The defendants have acted, and continue to act, under the color of State law at all times relevant to this Complaint. This Court has jurisdiction over Plaintiff's Claims of Violation of Federal Constitutional rights, under 42 U.S.C. §§ 1331(a) and 1343.

See attached pages 4(b) to 4( ).

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

Preliminary Injunction and a Temporary Restraining Order — See attached page 4(J) & 4(K)

Declaratory Judgment — See attached page 4(K)

Injunctive Relief — See attached page 4(K) & 4(L)

Compensatory Damages — See attached page 4(L)

Punitive Damages — See attached page 4(L)

Filing Fees, Attorney Fees and all costs of this action page 4(L)

Signed this 6th day of December, 2005

*Gerald B. Hebert*

Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

December 6, 2005
(Date)

*Gerald B. Hebert*

Signature of plaintiff(s)

4 — (a)

FACTS:

1. The Plaintiff, Gerald B. Hebert, was incarcerated at the Harrison County Adult Detention Facility during the events described in this Complaint, up to 2005, and is presently incarcerated within the MDOC, SMCI-II Facility.

2. On or about the 1st day of September, 2005, the Plaintiff was assaulted by three inmates (Tony Payton, Henry Harvey and Frederick Lee), while housed in C-Block, F-Section of the H.C.A.D.F.

3. There were no security staff observing C-block, F-section, because the tower officer was observing another section instead, and thus, I was left to fend for myself, by balling up into a fetal position while the three inmates continued to beat and kick on me for approximately three minutes.

4. My eyes were full of blood and I could not see, but I felt my way to the wall speaker and pushed the button to summons the tower officer.

5. I told the tower officer that I was assaulted and needed medical treatment. The tower officer let me out into the sallyport to await other staff.

6. Sgt. Ellsberry came and took my statement and the statement of other inmates to determine who started the fight and what happened.

4(b)

7. Ellsberry came back to me and asked if I wanted to press charges on the assailants. I told Ellsberry I did want charges filed.

8. Ellsberry had some inmates to pack up my property. Ellsberry did not supervise or inventory my property and this is the cause of many items of my property being stolen from me by those inmates.

9. I was taken to see the Nurse on duty, who stated that I was fine and gave me two Ibuprophen and sent me back to the housing block.

10. I was put into C-Block, D-zone, with what little was left of my property.

11. I went through my property and then notified Ellsberry of the items that were missing.

12. Ellsberry contacted me a short time later and told me that the inmates he had to pack my belongings stated to him that I never owned any such items.

13. The following day, at approximately 0830 hrs., Sgt. Leonard saw me and asked me who assaulted me; if a report had been made; and if I pressed charges on the assailants.

4(c)

14. I told Sgt. Leonard the names of the assailants, and that to the best of my knowledge a report was made and that I did press charges.

15. Sgt. Leonard took me to medical, where a Doctor examined me and ordered I be transported to a hospital E.R.

16. I was taken to Memorial Hospital at Gulfport and examined by the Emergency Room Doctor who had ex-rays done of me and put a half-cast on my hand and ordered that I be examined by an orthopedic surgeon and by an eye specialist.

17. I was transported back to the jail from Memorial Hospital without being taken to be examined by an eye specialist, or by an orthopedic surgeon.

18. Upon my return to the jail from the hospital, I was transferred from C-block ↑ B-block, D-section, to D-Block, F-Section, which is a Medical housing area.

19. I informed Officer Simmons that I needed to speak to a Sgt. Officer Simmons called Sgt. Caldwell to D/F to speak with me.

20. Ofc. Simmons, and myself, informed Sgt. Caldwell that I wanted to file charges on my attackers, and thought I had, but I never signed any paperwork to this effect.

4(d)

21. Sgt. Caldwell stated that she "does not clean up the f----ups of other officers." Caldwell asked me which staff member made the report? I informed her that it was Sgt. Ellsberry.

22. Sgt. Caldwell called Sgt. by radio and had Ellsberry to meet us in the Medical Corridor, for Ellsberry was the Medical officer on duty this night.

23. I then asked Ellsbury if charges were filed against my attackers. Sgt. Ellsberry stated to me that he had "taken care of it."

24. On or about the 24th day of September, 2005, I was finally transported to be examined by an orthopedic surgeon, whom put a full cast on my hand and stated that he wanted to see me again in two weeks for follow-up treatment.

25. On or about the 28th day of September, 2005, I was finally transported to be examined by opthomologist, Dr. Hagon on Lorraine Rd., whom scheduled me for a M.R.I., CAT scan, EKG and an ultra-sound. Dr. Hagon said I have boxers' eye.

26. On or about the 11th day of October, 2005, Dr. Hagon saw me again and told me that he only finds some sinus problems. I told Dr. Hagon that I still suffer extreme headaches and that in my vision it is

4 (e)

as if there is lint on my eye. Dr. Hagan advised me to report it to the jail's doctor. I said I would – however, I never was able to see the jail's doctor again about my injuries.

27. Backing up to on or about October 9, 2005, I was transferred back to C-block, F-section. I refused tower ofc. Adoft's order for me to go into c/f and informed him that I could not live in c/f because that's where my attack took place.

28. Ofc. Adoft and Ofc. Billingsley wanted the names of my attackers, which I provided to them.

29. I was then ordered to go into C/D; and I obeyed the staff's order. The zone was out on the yard when I entered.

30. I immediately called my sister to tell her what all was going on with me.

31. During my phone conversation with my sister, one of my attackers (Henry Harvey) entered c/d from yard-call. I told my sister and she asked me why was I put back around my attackers? I told her I don't know and for her to call Captain Phil Taylor and ask him to get me out of there. My sister said for me to calm down and that she was calling the jail immediately.

4(f)

32. After I hung up the phone, I sat down next to my property, that was still packed up.

33. Henry Harvey approached me and asked me what I was doing in his zone. I didn't pay him any attention, but I kept my eye on him.

34. Henry Harvey then told me that in order for me to live, I had to pay him and he dared me to tell the police - said he had ten years and didn't care if he got a life sentence for killing me.

35. At count time that same day, I told Ofc. Gregory that the staff has put me in the same zone with the ones that assaulted me. Ofc. Gregory stated loudly, "What, are you - scared?!?"

36. Since Ofc. Gregory refused to move me away from my attackers, I was forced to choose between eating my food trays that inmate Tony Payton spit in and laughed at me about it, or going hungry. Most of the time, I chose to go hungry.

37. Additionally, I was forced to give my canteen purchases to Henry Harvey, or get assaulted or killed for not doing so.

4 (g)

38. Everyday, I would send grievances to Sheriff George Payne, Major Riley, Capt. Phil Taylor & Capt. Rick Gaston, explaining the situation to each one of them and repeatedly begging them to help me. My requests were never answered at all.

39. My sister called repeatedly to the jail — would get the run around and her calls were never returned

40. I made many sick call requests that went unanswered also. I needed medical attention for my injuries, and also hoped to be taken to medical in hopes of being able to talk to any ranking ofc. that could help me get away from my attackers.

41. My verbal requests for help were to no avail — I was thrown away and kept from any help. I then would give my grievances to inmate Pitt to mail in with his name on the return address of the envelopes. This got the same results — NO RESPONSE.

42. I even made requests to have access to the Law-Library so I could file grievances and press charges on my attackers, but likewise, received no response to my many requests.

43. The only response I received, was that on November 7, 2005, I was transferred to MDOC, CMCF at Rankin Co. MS.

4(h)

44. Presently, I still suffer severely excruciatingly painful head aches, blurred vision with the sensation of "lint" on my eye, neck and back pain, sinus problems and dizzyness, and hearing loss.

## CLAIMS FOR RELIEF:

45. The actions of defendant(s), Sgt. Ellsberry in allowing inmates to pack up my belongings unsupervised, and then not conducting a shake-down or any other action to repossess my property, were done maliciously and sadistically and constituted property deprivation in violation of the Fourteenth Amendment of the United States Constitution.

46. The actions of defendant Ellsberry in not allowing me to press charges against my attackers was done maliciously and sadistically and constituted a denial of equal protection of the law and the denial of access to the Court in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

47. The actions of defendant George Payne in delaying medical care as prescribed and in not responding to my grievances begging for protection, constituted the deliberate interference with treatment once prescribed by a doctor, deliberate indifference and cruel and unusual punishment and denial of access to the Court and denial of equal protection of the law, and was done maliciously, sadistically and with the wanton infliction of emotional and physical pain and suffering, all in violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

48. The actions of defendants Adoft and Billingsley in ordering me to live in the same block as my attackers, were done maliciously, sadistically and with the wanton infliction of emotional and physical pain and suffering and constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

49. The actions of defendant Gregory in not moving me away from my attackers and making fun of me about it, were done maliciously, sadistically and with the wanton infliction of emotional and physical pain and suffering and constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

50. The actions of defendants Payne, Riley, Gaston and Taylor in not responding to my grievances and requests, or to my sister's phone calls in my behalf, were done maliciously and sadistically with the wanton infliction of emotional and physical pain and suffering, and constituted the denial of equal protection of the law, denial of access to the Court, deliberate indifference, cruel and unusual punishment and denial of Due Process, in violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

## RELIEF REQUESTED:

51. A. Issue a Preliminary Injunction and a Temporary Restraining Order pursuant to Rule 65(a) of the Fed.R.Civ.P., directing the defendants to immediately cause the necessary follow-up

4(j)

treatment to be carried out, and to cease allowing the conditions of confinement at the H.C.A.D.F. to constitute deliberate indifference and cruel and unusual punishment to the inmates.

52. B. Issue a declaratory judgment stating that:
  1. The failure of the defendants to protect the plaintiff from harm was not mere negligence, but was deliberate indifference in violation of the Eighth Amendment to the United States Constitution.
  2. The delay of the defendants to carry out treatment prescribed by a physician constituted the deliberate interference with treatment once prescribed, in violation of the Eighth Amendment to the United States Constitution.
  3. The failure of the defendants' to secure plaintiff's property to him, and the defendants' failure to allow the plaintiff to press charges against his attackers constituted property deprivation and denial of access to the Court, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
53. C. Issue an injunction ordering defendants Payne and Riley or their agents to:
  1. Immediately arrange for plaintiff to be examined by

4(k)

Medical specialists in regard to his injuries sustained from the assault while incarcerated in the defendants' custody

2. Carry out without delay the treatment directed by such specialist(s).

3. Immediately file charges against the assailants that assaulted the plaintiff while in the defendants' custody.

54. D. Award compensatory damages in the following amounts:

1. $2,000,000.00 jointly and severally against all the defendants for the emotional and physical injuries sustained as a result of the deliberate indifference administered to the plaintiff.

2. $100,000.00 jointly and severally against all the defendants for the emotional injuries sustained as a result of the deprivation of property and denial of access to the court and denial of equal protection of the law.

55. E. Award punitive damages in the following amounts.

1. $1,000,000.00 each against all the defendants

2. $1,000,000.00 jointly against defendants Payne, Riley, Gaston and Taylor.

56. F. Grant such other relief as it may appear that the Plaintiff is entitled, including court costs, filing fees, Attorney fees and all costs of this action. RESPECTFully SUBMITTED, this 6th day of December, 2005.

*Gerald B. Hebert*

Gerald B. Hebert - Plaintiff, prose

4(L)