IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**GERALD B. HEBERT, #K4559**                                                                PLAINTIFF

V.                                                             CIVIL ACTION NO. 1:06cv46LG-RHW

**GEORGE PAYNE, MAJOR RILEY,
RICK GASTON, PHIL TAYLOR, SGT.
ELLSBERRY, OFFICERS GREGORY,
BILLINGSLY AND ADOFT, ALL IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES**                                                                            DEFENDANTS

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS, GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY (IDENTIFIED AS MAJOR RILEY, RICK GASTON, PHIL TAYLOR, NATHAN ELLSBERRY (IDENTIFIED AS SGT. ELLSBERRY), JACENT GREGORY (IDENTIFIED AS OFFICER GREGORY), JAMES BILLINGSLY (IDENTIFIED AS BILLINGSLY) , AND BRIAN ADOFT (IDENTIFIED AS ADOFT)IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

COME NOW, Defendants, George Payne, Jr., in his Official and Individual capacities as Sheriff of Harrison County, and Dianne Gatson-Riley (Identified as Major Riley), Rick Gaston, Phil Taylor, Nathan Ellsberry (Identified as Sgt. Ellsberry), Jacent Gregory (Identified as Officer Gregory), James Billingsly (Identified as Billingsly), and Brian Adoft (Identified as Adoft), in their Individual and Official Capacities, by and through their attorneys, Dukes, Dukes, Keating and Faneca, P.A., and pursuant to the Federal Rules of Civil Procedure file this their Answer, Defenses, and Affirmative Defenses to the Complaint as follows, to-wit:

**FIRST DEFENSE**

To the extent he raises any claims under Mississippi law, Plaintiff has failed to

comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq., including the notice requirements of §11-46-11.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## FIFTH DEFENSE

AND NOW, in response to the allegations of the Complaint, these Defendants answer paragraph by paragraph as follows:

The allegations contained in Paragraph III entitled "Statement of Claim" are hereby denied.

The allegations contained in Paragraph IV entitled "Relief" are hereby denied.

Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

The allegations in the attached documents entitled "FACTS" are hereby answered paragraph by paragraph as follows:

1. Paragraph 1 is admitted to the extent that Plaintiff was incarcerated at the Harrison County Adult Detention Center from August 7, 2005 until November 7, 2005; however, Defendants are currently without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 1, and therefore deny same.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied.

5. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants are currently without sufficient information to form a belief as to

the truth of the allegations contained in Paragraph 8 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

     9.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

     10.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

     11.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

     12.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 12 of the Complaint.

     13.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. Out of an

abundance of caution, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 30 of

the Complaint.

      31.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

      32.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

      33.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

      34.  Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

      35.  The allegations contained in Paragraph 35 are denied.

      36.  The allegations contained in Paragraph 36 are denied.

      37.  The allegations contained in Paragraph 37 are denied.

      38.  Paragraph 38 is denied to the extent that Plaintiff alleges his grievances were never answered; however, Defendants are currently without sufficient information to form a belief as to the truth of the remaining allegations, and therefore deny same.

39. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 is denied to the extent that Plaintiff alleges he was denied adequate medical care; however, Defendants are currently without sufficient information to form a belief as to the truth of the remaining allegations, and therefore deny same.

41. Paragraph 41 is denied to the extent that Plaintiff alleges his verbal requests for help were to no avail; however, Defendants are currently without sufficient information to form a belief as to the truth of the remaining allegations, and therefore deny same.

42. The allegations contained in Paragraph 42 are denied.

43. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint. Out of an abundance of caution, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**CLAIMS FOR RELIEF**

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 are denied.

## RELIEF REQUESTED

51A. The allegations contained in Paragraph 51A are denied. Defendants further deny that Plaintiff is entitled to any relief.

52B. The allegations contained in Paragraph 52B are denied, including Paragraphs one (1) through three (3). Defendants further deny that Plaintiff is entitled to any relief.

53C. The allegations contained in Paragraph 53C are denied, including Paragraphs one (1) through three (3). Defendants further deny that Plaintiff is entitled to any relief.

54D. The allegations contained in Paragraph 54D are denied, including Paragraphs one (1) and two (2). Defendants further deny that Plaintiff is entitled to any relief.

55E. The allegations contained in Paragraph 55E are denied, including Paragraphs one (1) and two (2). Defendants further deny that Plaintiff is entitled to any relief.

56F. The allegations contained in Paragraph 56F are denied. Defendants further deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

AND NOW, having answered the Complaint, the Defendants assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

I.

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

II.

The Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  The Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

III.

To the extent the Complaint raises any claim under Mississippi law, the Defendants specifically plead all protections to which they are entitled  pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

**IV.**

The Defendants would show that at all times, while dealing with the Plaintiff, or any other inmate at the Harrison County Adult Detention Center, the Defendants acted in a professional manner and conducted any and all of their interaction with the Plaintiff in accordance with the professional standards for inmate management and/or supervision.  Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the Harrison County Adult Detention Center in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

**V.**

The Defendants specifically deny each and every material allegation of the Complaint, which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

**VI.**

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

**VII.**

That the Defendants reserve their right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of

or in any manner related to this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate his damages and Defendants are therefore entitled to all appropriate setoffs or credits, or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

**VIII.**

Defendant specifically pleads the doctrines of contributory and comparative negligence.

**IX.**

The Defendants would show that the Complaint, to the extent that it seeks punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory

and arbitrary in penalizing the Defendants on the basis of wealth.

## X.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

## XI.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983.  Defendants had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

## XII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint should be dismissed.

## XIII.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

## XIV.

Defendants would show that Plaintiff was afforded all protections due him under

the United States Constitution and that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights.

## XV.

Defendants would show that any and all actions taken on their part were in a good faith effort to maintain order and discipline at the Harrison County Adult Detention Center.

## XVI.

The Defendants further reserve the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Complaint, the Defendants respectfully request that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this the 28th day of April, 2006.

**GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, NATHAN ELLSBERRY, JAMES BILLINGSLY, AND BRIAN ADOFT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Defendants**

**BY:    DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    s/Cy Faneca
       CY FANECA, MSB #5128

**Cy Faneca, MSB #5128**
**Sul Ozerden, MSB #99220**
**Haley Broom MSB #101838**
**DUKES, DUKES, KEATING AND FANECA, P.A.**
**14094 Customs Blvd., Ste. 100**
**Post Office Drawer W**
**Gulfport, MS   39502**
**228/868-1111**

### CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

Gerald B. Hebert #K4559
WCCF U/T-106
Post Office Box 1079
2999 Hwy 61 North
Woodville, MS 39669

This, the 28th day of April, 2006.

                                              s/Cy Faneca
                                              CY FANECA