IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GERALD B. HEBERT                                PLAINTIFF

VS.                    CIVIL ACTION No. 1:06CV46-GL-JMR

GEORGE PAYNE, et al                             DEFENDANTS


MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR THE APPOINTMENT
OF COUNSEL

Statement of the Case

   This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional deliberate indifference to plaintiff's safety, cruel and unusual punishment, deliberate indifference to a serious medical condition by delaying treatment and then discontinuing treatment; the unconstitutional denial of access to the Court by refusing to respond to my written grievances, not allowing me access to the law-library and denying me to be able to press charges and/or sue my attackers; property deprivation by allowing inmates to have my personal property; and the denial of equal protection of the law as set forth in my Complaint, and as evidenced in the record throughout upon an investigation being conducted. The plaintiff is indigent and proceeding pro'se and in-forma-pauperis.

Statement of the Facts:

   The Plaintiff suffers severe injuries (dizziness, partial blindness,

1

impaired hearing and severe headaches and sinus damage) due to the assault on his person by three inmates in the Harrison County Adult Detention Facility on or about September 1, 2005.

Plaintiff was eventually seen by the jail doctor and eventually taken to the E.R. at Gulfport Memorial Hospital, and eventually seen by a specialist and an orthopedic surgeon. Plaintiff was unable to see the jail doctor again because instead of answering plaintiff's requests and grievances and letters and calls from plaintiff's family, and instead of continuing treatment, officials opted to transfer plaintiff out of their facility, leaving plaintiff injured and "out of their hair."

Prior to transferring plaintiff away, the defendants housed plaintiff with his attackers, leaving him to be extorted and to fend for himself and the officials allowed other inmates to have possession of plaintiff's personal property and refused plaintiff access to the ARP and to the Court to press charges and to seek relief from the situation and relief from his injuries - which is the basis of this action.

## ARGUMENT

In deciding whether to appoint counsel for an indigent litigant, the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existance of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(Citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, Courts have suggested that the most important factor is

2

whether the case appears to have merit. *Cooper v. A. Sargenti Co. inc.*, 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. <u>Factual Complexity</u>: The plaintiff alleges that three inmates assaulted him while staff members did nothing to help him due to being understaffed and pre-occupied on another section. He also asserts that the defendants and certain supervisory officials were on notice of the violent tendencies of the assailants and did nothing about them, but instead, placed plaintiff back with his assailants to be extorted and/or assaulted further. Additionally, after the attack of plaintiff, officials first, delayed medical treatment instead of taking him to the E.R. since a doctor was not present — nor did they call in a doctor. Second, the defendants delayed the treatment prescribed, then shut medical, court and grievance access down to the plaintiff, then shipped plaintiff off to MDOC to be rid of the burden of caring for plaintiff, and to try to avoid this litigation. These are numerous challenges against numerous defendants, and the sheer number of both makes this a factually complex case.

In addition, the denial of medical care claim will probably make it necessary to present expert medical testimony and/or cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of

3

counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

2. <u>The Plaintiff's Ability To Investigate</u>: The Plaintiff is now in the general population of the MDOC and it's facilities and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the inmates who were housed at the jail with him and who saw some or all of the assault and the plaintiff's efforts to be moved away from his assailants after he was returned to live with them, and who witnessed the extortion of the plaintiff by his assailants, and those who witnessed plaintiff submit grievances and requests and who submitted same for plaintiff - to no avail - and who witnessed the taunting of plaintiff by one of the defendants, and witnessed the suffering of the plaintiff. Plaintiff has been transferred from the jail where his witnesses are/were, a factor several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 91-92 (7th Cir. 1991); Gaston v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D.Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incidents, the history of the assailants and that of the defendants with prior records of this type of conduct, and the plaintiff's medical history. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need

4

for discovery supported appointment of counsel).

3. <u>Conflicting Testimony</u>: The plaintiff's account of the events complained of in his complaint is squarely in conflict with the statements of the defendants. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Goston v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. <u>The Ability of the indigent to present his claim</u>: The plaintiff is an indigent litigant with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984); In addition, he is confined within M.D.O.C. with very limited access to legal materials. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law-library as a factor supporting appointment of counsel.

5. <u>Legal Complexity</u>: The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develope. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991)(citing jury demand as a factor supporting appointment of counsel), cert denied, 112 S.Ct. 1995 (1992).

5

6. Merit of the Case: The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The allegations of the Complaint clearly states constitutional violations by the defendants. See Hudson v. McMillian, U.S. ___, 112 S.Ct. 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). The Supreme Court has also made clear plaintiff's rights to access the Court, equal protection of the laws and to be protected from harm. On it's face then, this is a meritorious case.

### CONCLUSION

The Court should appoint counsel in this case in order for true justice to prevail.

Respectfully Submitted, this 19TH day of June, 2006.

Gerald B. Hebert
Plaintiff, pro'se

Wherefore, the plaintiff motion for the appointment of counsel should be granted. Sworn to before me this 19 day of June, 2006

August Andrews

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 30, 2009
BONDED THRU STEGALL NOTARY SERVICE