IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GERALD B. HEBERT, #K4559**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO. 1:06cv46LG-JMR**

**GEORGE PAYNE, MAJOR RILEY,
RICK GASTON, PHIL TAYLOR, SGT.
ELLSBERRY, OFFICERS GREGORY,
BILLINGSLY AND ADOFT, ALL IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES**     **DEFENDANTS**

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE INTERROGATORIES

COME NOW, Defendants, George Payne, Jr., in his Official and Individual capacities as Sheriff of Harrison County, and Dianne Gatson-Riley (Identified as Major Riley), Rick Gaston, Phil Taylor, Nathan Ellsberry (Identified as Sgt. Ellsberry), Jacent Gregory (Identified as Officer Gregory), James Billingsly (Identified as Billingsly), and Brian Adoft (Identified as Adoft), all in their Official and Individual Capacities, by and through their attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and file this their Response in Opposition to Plaintiff's Motion to Strike Interrogatories, and in support thereof would respectfully show the Court the following:

**I.**

Plaintiff filed this Motion on June 29, 2006, requesting this Court to strike Defendants' Interrogatories pursuant to Rule 12 (f) on the grounds of "insufficient defense, redundant, immaterial, and pertinent, scandalous, and has no merit in this case."

1

## II.

The style of Plaintiff's Motion is drafted as a Motion to Strike; however, Plaintiff's Motion is essentially a Motion for Protective Order. If the Court construes Plaintiff's Motion as a Protective Order, Plaintiff's Motion should be denied for Plaintiff's failure to comply with the mandatory discovery procedures as set forth in the Federal Rules of Civil Procedure and Uniform Local Rules for the Southern District of Mississippi before seeking this Court's intervention. Plaintiff has failed to comply with Fed. R. Civ. P. 26(c) and Uniform Local Rule 37.1(A). Additionally, Plaintiff has failed to meet his burden pursuant to Federal Rules of Civil Procedure 26 (c) by providing good cause for said Motion.

## III.

On June 6, 2006, Defendant, Dianne Gaston-Riley propounded discovery to the Plaintiff in the form of Interrogatories. (DN 19). Additionally, Defendant George Payne, Jr., propounded discovery to the Plaintiff in the form of Interrogatories. (DN 20). All discovery is attached hereto collectively as **Exhibit "A"**.

## IV.

On June 29, 2006, Plaintiff responded to these discovery requests by filing his "Answer" and this Motion to Strike Interrogatories pursuant to Rule 12(f). (DN 32 and 30).

## V.

As evidenced by Plaintiff's "Answer", Plaintiff is essentially providing a blanket objection as to all discovery and is seeking that the disclosure or discovery not be had by the Defendant. Plaintiff's "Answer" is attached hereto as **Exhibit "B"**.

**VI.**

In support of Plaintiff's Motion to Strike, Plaintiff merely makes conclusory allegations and cites the language of Rule 12(f), stating that the Interrogatories are "insufficient defense, redundant, immaterial, and impertinent, scandalous, and have no merit in this case".

**VII.**

Defendants have previously mailed correspondence to Plaintiff in an attempt to resolve this discovery dispute in good faith without requiring intervention by the Court; however, Defendants are awaiting Plaintiff's response. Said correspondence is attached hereto as **Exhibit "C"**.

**VIII.**

If this Court decides to construe Plaintiff's Motion as a Protective Order, Defendants request that this Court deny said Motion as Plaintiff has failed to provide sufficient grounds for a Protective Order under Rule 26(c). As evidenced by the attached discovery requests, Plaintiff's discovery seeks information which is relevant to Plaintiff's claim and Defendant's defenses which is not otherwise privileged or protected by Rule 26(b).

**IX.**

As stated in Fed. R. Civ. P. 26(c), "upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resole the dispute without court action, and for good cause shown, the court....may make an order...that discovery not be had." Fed. R. Civ. P. 26(c). Additionally, the Uniform Local Rules for the Southern District of Mississippi provide that prior to service of a discovery

motion, all counsel shall be under a duty to confer in good faith to determine to what extent the issue in question can resolved without court intervention. See Local Rule 37.1(A). If the matter can not be resolved, then all parties must complete and sign a Good Faith Certificate which is then filed with the discovery motions. Id.

**X.**

Additionally, the Plaintiff still is not allowed to make a general objection to Defendants' discovery requests. Plaintiff must establish the existence of good cause for such request.

**XI.**

Therefore, due to Plaintiff's failure to comply with the discovery procedure set forth in the Federal Rules of Civil Procedure and Uniform Local Rules for the Sourthern District of Mississippi, and failure to provide a good faith basis for his Motion, Plaintiff's Motion should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendants, George Payne, Jr., in his Official and Individual capacities as Sheriff of Harrison County, and Dianne Gatson-Riley, Rick Gaston, Phil Taylor, Nathan Ellsberry, Jacent Gregory, James Billingsly, and Brian Adoft, all in their Official and Individual Capacities, respectfully request that this Court deny Plaintiff's Motion to Strike Interrogatories on the grounds that it lacks merit. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this 11th day of July, 2006.

**GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, NATHAN ELLSBERRY, JACENT GREGORY, JAMES BILLINGSLY, AND BRIAN ADOFT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Defendants**

BY:  **DUKES, DUKES, KEATING & FANECA, P.A.**

BY:  */s/ Cy Faneca*
CY FANECA, MSB #5128

CY FANECA,  MSB #5128
SUL OZERDEN, MSB #99220
HALEY BROOM, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**  (228) 868-1111
**Facsimile:**  (228) 863-2886

## **CERTIFICATE OF SERVICE**

     I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

>Gerald B. Hebert #K4559
>WCCF U/T-106
>Post Office Box 1079
>2999 Hwy 61 North
>Woodville, MS 39669

This, the 11th day of July, 2006.

                                                       */s/ Cy Faneca*
                                                       CY FANECA